IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

FOR THE COUNTY OF

Case No.

Patrick J. Leach,

**Plaintiff**

v.

Capital One N.A.

**Defendant**

FILED BY _____ D.C.
MAR 03 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

PLAINTIFF'S COMPLAINT AGAINST DEFENDANT'S UNLAWFUL CLOSURE OF PLAINTIFF'S CREDIT ACCOUNT

It is hereby submitted before this honorable Court:

1. That the Plaintiff is submitting the instant complaint pursuant to the provisions of the Florida Consumer Credit Protection Act and Equal Credit Opportunity Act against the Defendant. For the reasons set forth below, the Plaintiff requests that this Court grants the requested relief in Plaintiff's favor.

BACKGROUND:

2. On November 15, 2022, the Plaintiff received a letter from the Defendant whereby the Defendant accused the Plaintiff of using abusive language in its communications and threatened closure of Plaintiff's credit account with the Defendant.

    *(A copy of letter dated November 15, 2022 is herein attached as EXHIBIT A (LETTER DATED NOVEMBER 15, 2022))*

3. Thereafter, on January 11, 2023, the Defendant again served a letter on the Plaintiff, informing that the Plaintiff's account with the Defendant has been closed on the pretext that the Plaintiff has not provided verification information to the Defendant.

1

*(A copy of letter dated January 11, 2023 is herein attached as EXHIBIT B*

*(LETTER DATED JANUARY 11, 2023))*

**GROUNDS FOR INSTANT COMPLAINT:**

4. Pursuant to 15 U.S.C.S. § 1691(d)(2), each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken. Further, 15 U.S.C.S. § 1691(d)(3) states that a statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken. *Pierce v. Citibank, N.A.*, 843 F. Supp. 646, 647 *"The definition of adverse action for purposes of the Equal Credit Opportunity Act, 15 U.S.C.S. §§ 1691-1691f, includes a termination of an account or an unfavorable change in the terms of an account that does not affect all or substantially all of a class of the creditor's accounts as well as a refusal to increase the amount of credit available to an applicant who has made an application for an increase. 12 C.F.R. § 202.2(c)(1). If adverse action is taken, a creditor can satisfy the notification requirement by providing the applicant with a written statement of specific reasons for the adverse action." Kivel v. WealthSpring Mortg. Corp.*, 398 F. Supp. 2d 1049, 1051

1. Based on this, where the Defendant took adverse action against the Plaintiff by prohibiting the Plaintiff to make any transactions and consequently closing his credit account, the Defendant was obligated to make specific reasons for taking adverse actions. Although in its second letter dated January 11, 2023, the Defendant has stated that the Plaintiff's credit account has been closed because the Plaintiff did not provide verified information, such reasoning does not satisfy the legal requirements of adverse action under the law.

2. Moreover, pursuant to § 1026.11(b) (*Treatment of credit balances; account termination*) of the Florida Consumer Credit Protection Act, "*A creditor shall not terminate an account prior to its expiration date solely because the consumer does not incur a finance charge*" or "*Nothing in paragraph (b)(1) of this section prohibits a creditor from terminating an account that is inactive for three or more consecutive months. An account is inactive for purposes of this paragraph if no credit has been extended (such as by purchase, cash advance or balance transfer) and if the account has no outstanding balance.*" Neither did the Plaintiff incur any financial charge over his account nor was his inactive. Therefore, the Defendant does not have any reasonable grounds to terminate the Plaintiff's account.

5. In fact, the closure of Plaintiff's account is frivolous and discriminatory on false allegation of the Plaintiff using abusive language. "*The principal purpose of the Equal Credit Opportunity Act, 15 U.S.C.S. §§ 1691-1691f, is to prohibit discrimination by creditors based on, inter alia, the good faith exercise by an applicant of a right they are entitled to under the Consumer Credit Protection Act. 15 U.S.C.S. § 1691(a)(3).*" **Kivel v. WealthSpring Mortg. Corp.**, 398 F. Supp. 2d 1049, 1051 Therefore, the Defendant's actions are retaliatory and discriminatory, and thus in violation of the Equal Credit Opportunity Act.

**PRAYER(S):**

3. In view of the above, it is humbly requested before this honorable Court that the Court holds the Defendant liable for unreasonably closing the Plaintiff's credit account and orders that the Plaintiff's account with the Defendant be reinstated.

4. Any other relief, which this honorable Court deems fit and proper may also be granted to the Plaintiff.

*[signature]*

**Signature of Plaintiff**

**Place:** [●]

**Date:** [●]  3/3/21

Through

[●]

**Attorney for Plaintiff,**

[●].

4