**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:23-CV-80357-ROSENBERG**

PATRICK J. LEACH,

    Plaintiff,

v.

CAPITAL ONE N.A.,

    Defendant.

_____/

**ORDER DENYING MOTION FOR RELIEF**

THIS CAUSE comes before the Court on Plaintiff, Patrick J. Leach's Motion for Relief from Order Dated June 29, 2023. DE 13. Plaintiff asks the Court to recognize that he has properly effected service on Defendant, Capital One, N.A., and allow him to move forward in seeking a default judgment. *Id.* The Court has reviewed the Motion, the document Plaintiff filed as proof of service, [DE 12], and the record, and is not persuaded that Plaintiff served Defendant in accordance with the Federal Rules of Civil Procedure, as described below. Therefore, Plaintiff's Motion is denied.

Plaintiff argues that the return of service he filed at docket entry 12 establishes that Defendant was properly served on March 17, 2023, but failed to appear, thereby entitling Plaintiff to a default judgment. DE 13 at 2. For a court to enter a default judgment against a defendant, the plaintiff must provide adequate proof of service because "where service of process is insufficient, the court has no power to render judgment." *In Re: Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Courts require "strict compliance" with rules and statutes governing service. *See McGlynn v. Miami Diario LLC*, No. 22-cv-24261, 2023 WL 4251553, at *4 (S.D. Fla. June 29, 2023).

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a corporate defendant either by following state law in the state where the district court is located or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h); 4(e). Under Florida law, a corporation "may be served with process required or authorized by law by service on its registered agent designated by the corporation." Fla. Stat. § 48.081(2). If service cannot be made on the registered agent "because the domestic corporation or registered foreign corporation ceases to have a registered agent, or if the registered agent of the domestic corporation or registered foreign corporation cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter, chapter 607, or chapter 617, as applicable," then service may be made upon designated officers of the corporation or a person listed publicly by the corporation. Fla. Stat. § 48.081(3)(a)-(b).

Here, the Court notes several deficiencies or anomalies in Plaintiff's return of service that cause the Court to question whether service was proper, including (1) the Defendant is listed as "EXPERIAN, ET AL" in the case caption; (2) a previously typed case number was crossed out and a new case number was written by hand in its place; (3) the Defendant's registered agent was not served as is typical in cases involving a corporate Defendant, rather, a Virginia address rather than a Florida registered agent address appears on the return of service; (5) documents were served on an individual identified as David Fernandez and described as an "authorized agent" without further description, verification, or explanation; (6) no process server number was provided. DE 12. Given these issues with the return of service, the Court is not persuaded that Defendant was properly served with process. For example, David Fernandez is not listed as Defendant's registered agent, nor is he listed publicly as someone who is authorized to receive service on behalf of

Defendant. *See, e.g.*, *B2B4E Inv. Holdings, Inc. v. Adaptiv Research & Devel., LLC*, No. 6:23-cv-121, 2023 WL 3819088, at *2 (M.D. Fla. June 5, 2023) (lack of information on individual served and whether that individual was authorized to accept service required plaintiff to address deficiencies or re-serve the defendant). Further, the fact that the Defendant is not listed in the case caption and that there are handwritten notations and edits to the return of service causes the Court to question the authenticity of the document.

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Relief, [DE 13], is **DENIED**.

2. On or before **July 25, 2023**, Plaintiff shall either address the deficiencies identified by the Court to the return of service sufficient to demonstrate proper service under Federal Rule of Civil Procedure 4(h), or shall re-serve Defendant in accordance with Rule 4(h) and file adequate proof of service.

3. Failure to demonstrate adequate service of process by **July 25, 2023**, will result in dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of July, 2023.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE